UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

BRANDON PEGUES

No. 20 CR 256

Honorable Virginia M. Kendall

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Brandon Pegues took advantage of a complicated and emotional time in the United States by unlawfully possessing a firearm in downtown Chicago. For the reasons discussed below, the government recommends a sentence of 12 months and one day' imprisonment, within the advisory guidelines range of 10 to 16 months. A sentence of 12 months and one day appropriately reflects the seriousness of defendant's offenses and is "sufficient but not greater than necessary" to comply with the purposes of sentencing.

## I.   OFFENSE CONDUCT

During the weekend of May 30 and 31, 2020, there were numerous protests held in the city of Chicago, related to the death of George Floyd in Minneapolis, Minnesota. After hours of peaceful protests, the days devolved into civil unrest and riotous behavior. To help quell the behavior, the Chicago Police Department was deployed to several areas throughout Chicago.

In the early morning hours of May 31, 2020, Chicago Police Department officers responded to the South Loop in response to reports of civil unrest and criminal activity. When officers arrived, they saw a group of four men running with hammers.

The defendant saw the officers, adjusted the right side of his waistband, and fled. Officers pursued in a foot chase. As the defendant fled from law enforcement officers, he stumbled and a pistol fell to the ground. Defendant pushed the pistol—a loaded Glock Model 19, 9 mm semiautomatic pistol—under a parked vehicle, where law enforcement recovered it. Law enforcement also recovered a hammer and more than $2,200 in cash from the defendant's person.

Defendant was a felon at the time of his possession of the firearm. The Glock pistol recovered was manufactured outside of the state of Illinois.

On March 25, 2021, defendant pleaded guilty to unlawful possession of a firearm after being convicted of a felony, in violation of Title 18, United States Code, Section 922(g). R. 34, Defendant also agreed to forfeiture of the firearm and related ammunition. *Id.*

## II.    GUIDELINES CALCULATIONS

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office. *See* PSR ¶¶ 13-21, 35. The defendant's adjusted offense level is 12 and his criminal history category is I, resulting in an advisory Guidelines range of 10 to 16 months' imprisonment.

## III.    THE SECTION 3553(A) FACTORS SUPPORT A SENTENCE WITHIN THE GUIDELINES RANGE

The Sentencing Guidelines provide a starting point and initial benchmark for sentencing. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). "The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country."

*United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). "[A] district court that sentences within the Guidelines necessarily gives weight and consideration to avoiding unwarranted disparities." *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010). Although a sentence within the Guidelines range is presumptively reasonable, *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), the Court must also consider the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.

Here, a sentence of imprisonment within the advisory guidelines range—12 months and one day' imprisonment—is appropriate and necessary to achieve the goals of criminal sentencing. Such a sentence would be sufficient, but not greater than necessary, to satisfy the statutory sentencing objectives set forth in 18 U.S.C. § 3553(a).

### A.    Nature and Circumstances of the Offense

Defendant's offense is a serious one. He knew that he was a convicted felon prohibited from possessing a firearm. Nevertheless, in a complicated and emotional time in our City and nation's history, defendant chose to break the law and take advantage of legitimate protests to further his own interests. Defendant and others' actions detracted from the protests that attempted to bring awareness to social justice issues in the United States. He and a group of three other individuals carried hammers and at least one firearm well after a 9:00 p.m. curfew imposed to mitigate the violence and destruction occurring in the City of Chicago. While the government has no evidence that defendant himself caused any damage, individuals such as the defendant caused significant damage that resulted in the closure of many small

businesses. To make matters worse, this conduct occurred amid a pandemic, during which many businesses—and the livelihoods of thousands of employees and small business owners—were already at risk.

On a more general note, the impact of prohibited persons illegally possessing firearms on a community cannot be overstated. The City of Chicago has been inundated with violence because of individuals who illegally possess firearms and subsequently use those firearms to commit crimes. The year 2020 brought a significant increase in both homicides and individuals shot in the city of Chicago.[1] Many of the individuals shot or killed were children. The illegal possession of firearms contributes greatly to these numbers.

Defendant openly flouted the law in a city already plagued by gun violence. Under these circumstances, a within-Guidelines sentence is sufficient, but not greater than necessary, to reflect the serious and dangerous nature of defendant's crime.

**B.     The History and Characteristics of the Defendant**

While defendant's criminal history is not lengthy, his recent conduct while on pretrial release is concerning. Between January 18, 2021 and March 30, 2021, Markham Police Department officers were called to defendant's girlfriend's residence three times for allegations of domestic battery. PSR ¶¶ 38-40. Defendant failed to report any of that police contact. PSR ¶ 11. Defendant's failure to report those

---

[1]     *See*     https://apnews.com/article/homicide-chicago-violence-coronavirus-pandemic-gun-violence-be4b972267e31358dd165925d5a33cce (last visited July 6, 2021).

contacts with police indicates that defendant does not take the instant offense or the conditions of his pretrial release seriously. The PSR also indicates that defendant did not fully cooperate with the presentence investigation interview in that he did not provide financial documentation as requested, and he did not schedule a virtual home inspection as requested. *Id.* A sentence of 12 months and one day imprisonment appropriately reflects defendant's minimal criminal history while addressing his recent pretrial release violations.

### C. The Need to Protect the Public and for Deterrence

Defendant's prior sentences of probation and supervision did not deter defendant from the instant offense. A sentence of imprisonment, as called for by the applicable Guidelines in this case, is necessary to protect the public from defendant's lack of willingness to abide by the rule of law and to effectively deter this defendant from committing future crimes.

A within-Guidelines sentence of imprisonment will also send a much-needed message to those individuals in our communities who are convicted felons and who think nothing of possessing a firearm—that this offense, which far too often is the catalyst for additional violent crimes, will not be considered lightly by this Court. The need for this sentence to promote general deterrence is crucial.

## IV. CONDITIONS OF SUPERVISED RELEASE

Supervised release is important in this case, as defendant has flouted his conditions of pretrial release. The government agrees with the term and conditions recommended by Probation. All of the recommended conditions should be imposed on

the basis that they will facilitate supervision by the probation officer, promote defendant's respect for the law, and deter him from committing future crimes.

## V.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to a custodial term of 12 months and one day, to be followed by three years of supervised release. Defendant should also be ordered to pay a $100 mandatory special assessment. Such a sentence is sufficient, but not greater than necessary, to satisfy the 18 U.S.C. § 3553(a) sentencing factors.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: *s/ Jasmina Vajzovic*
Jasmina Vajzovic
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 469–6233