UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 20 CR 256 |
| v. | Honorable Virginia M. Kendall |
| BRANDON PEQUES | |

**OBJECTIONS TO THE PRESENCE INVESTIGATION REPORT
AND DEFENDANT'S SENTENCING MEMORANDUM**

Now comes the Defendant, BRANDON PEGUES, by and through his attorney, Michael E. Baker and submits Objections to the Presentence Investigation Report and Defendant's Sentencing Memorandum.

**I.  Objections to the Presentence Investigation Report**

The Presentence Investigation Report ("PSR"), relying on a May 18, 2021 violations report, relates that on three separate occasions Brandon failed to report law enforcement contact on January 18, 2021, March 10, 2021 and March 30, 2021 to the pretrial services office. (See PSR ¶¶ 3, 38, 39 40). While Brandon did briefly have contact with the Markham Police Department on January 18, 2021, there was no arrest that was effectuated. Brandon however, denies having any contact whatsoever with any member of law enforcement on March 10th or March 30th. Brandon was made aware for the first time of the allegations on the March 10th and March 30th dates after being contacted by pretrial services in May of 2021 and made aware that a violation report would be filed against him.

1

**II.     Advisory Sentencing Guidelines**

There are no disputes to the advisory guideline range. The adjusted base offense level is 12. With 0 criminal history points Brandon has a criminal history category of I and a resultant guideline range of 10 to 16 months. (PSR ¶¶ 13-21, 35).

**III.    Conditions of Supervised Release**

Brandon objects to the proposed condition number sixteen (16). Permitting a probation officer from visiting him at work and school is counter-intuitive and counter-productive. The presence of a United States Probation Officer at his place of work and/or school would have the serious potential of jeopardizing his employment or educational opportunities by drawing needless attention to his status as not only a convicted felon, but also a person who is on supervised release. The challenges of finding gainful employment and education opportunities will be substantial enough. The ability to supervise Brandon in no way would be compromised by limiting the probation officer to visit at his home or other specified location. Brandon otherwise is in agreement with all of the other conditions of supervised release.

**IV.     18 U.S.C. §3553**

Under §3553, the Court must consider several factors after computing the proper sentencing guidelines. These include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective matter;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid any unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

The task of the trial judge is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." *United States v. Galvez-Barrios*, 355 F.Supp.2d 958, 960 (E.D. Wis. 2005) (quoting 18 U.S.C. §3553(a)).

**V.     The History and Characteristics of the Defendant**

Brandon has spent the majority of his twenty-nine years in the south suburbs of Chicago. (PSR ¶ 62). He was raised by his mother, Ann Brown. Unfortunately, Brandon did not have the not have the benefit of having a relationship with his biological father, Gerald Pegues, and throughout his most formative years did not have his father in his life. (PSR ¶ 58). The task of raising Brandon fell to his mother who provided a loving, supportive and financial secure upbringing. Aside from his father, Brandon has a close relationship with all of his siblings. While his family members are shocked that Brandon placed himself in this situation, they remain committed to supporting him in any and all ways that they can. (PSR ¶ 59).

Brandon also has two children, a six-year-old son and four-year-old daughter that live with their mother, Paris Roper. By all accounts, he is a loving and devoted father to both of his kids and sees and spends time with them several times throughout the week. (PSR ¶ 61). Brandon has

agonized over the thought of going to prison and not seeing his children but has also taken the initiative to ensure his children are still supported when he is away. (PSR ¶ 61)

In addition to his two children, Brandon is expecting another child with his current girlfriend, Ariel McNulty. Brandon and Ariel have been in a relationship for just over a year together. Ariel, a registered nurse, has been supportive of Brandon throughout the pendency of this case. (PSR ¶ 60). Brandon has every intention of maintaining his current relationship and raising their child together.

Brandon is committed to focusing on and developing job training skills, so he has a vocation and the ability to financially provide for his family in the future. He has explored and committed to obtaining his commercial driver's license in order to accept a position at Schneider Trucking. Unfortunately, his efforts in obtaining this goal have been stymied by the company's policy that Brandon's license be free of any violations for a full year. Brandon is currently on track to be eligible for employment with the company in 8 months.

## VI. Reasonable Sentence

Brandon hopes that the Court has a more complete picture of who he is in order to impose a sentence that is sufficient, but not greater than necessary to comply with the purpose of sentencing. Brandon has a large family that love and cherish him. They have promised to do anything and everything to help him once he is released. Sometimes, it takes more than one lesson before someone finally, really understands what needs to be done so they can change past destructive patterns. While Brandon understands that his actions have led him to this point and that he will be incarcerated for the actions he took, it is also clear to him now, that he wants to be a part of his family and children's lives and in order to do that he must remain free from criminal

activity. While obstacles will arise, Brandon feels that he is better equipped to handle those obstacles.

Brandon is ready to accept his punishment, change his life and move forward. Considering the facts and circumstances of this case as well as Brandon's minimal criminal history, Mr. Pegues requests that this Honorable Court exercises the discretion granted to it and sentence him to a term of 5 months in custody and the remaining 5 months in a community confinement center. This is a sentence that satisfies the requirement that his sentence be reasonable and sufficient, but not greater than necessary to comply with the purpose of sentencing.

Respectfully submitted,

/s/ Michael E. Baker

Michael E. Baker
ARDC No. 6291373
190 LaSalle St., Suite 1540
Chicago, Illinois 60603
P: (312) 782-4640
mike@spectorbaker.com

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2021, I electronically filed the foregoing Objections to Presentence Investigation Report and Defendant's Sentencing Memorandum with the Clerk of the Court using the ECF system which will send notification of such filing to all parties to the district court's system as to ECF filers.

By: /s/ Michael E. Baker

Michael E. Baker
ARDC No. 6291373
190 LaSalle St., Suite 1540
Chicago, Illinois 60603
P: (312) 782-4640
mike@spectorbaker.com